# Exhibit "A"



# Service of Process Transmittal
01/11/2022
CT Log Number 540861334

| | |
|---|---|
| **TO:** | Serviceof Process<br>CVS Health Companies<br>1 CVS DR MAIL CODE 1160<br>WOONSOCKET, RI 02895-6146 |
| **RE:** | **Process Served in New York** |
| **FOR:** | CVS Pharmacy, Inc.  (Domestic State: RI) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: PENIKA ANDERSON // To: CVS Pharmacy, Inc. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 550282022 |
| NATURE OF ACTION: | Product Liability Litigation - Personal Injury |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, New York, NY |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/11/2022 at 11:04 |
| JURISDICTION SERVED : | New York |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/11/2022, Expected Purge Date: 01/16/2022<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  service_of_process@cvs.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / DC



## PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 11, 2022

**Server Name:** robert piaskowy

| Entity Served | CVS PHARMACY, INC. |
|---|---|
| Case Number | 55028/2022 |
| Jurisdiction | NY |



564548, 549, 550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
PENIKA ANDERSON

                        Plaintiff/Petitioner,

       - against -                      Index No. 55028/2022

CVS PHARMACY, INC. et al.

                       Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) Immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 01/04/2022

Janet C. Walsh, Esq.
Name
Locks Law Firm PLLC

Firm Name

800 Third Avenue, 12th Floor
Address

New York, NY 10022

212-838-3333
Phone

jwalsh@lockslaw.com
E-Mail

To:   See attached Service Rider

## Service Rider

### Penika Anderson v. CVS Pharmacy, Inc., et al.

**CVS Pharmacy, Inc.**
CT Corporation System
28 Liberty Street
New York, NY, 10005

**Helen of Troy**
1 Helen of Troy Plaza
El Paso, TX 79912

**KAZ USA, Inc.**
1 Helen of Troy Plaza
El Paso, TX 79912

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
PENIKA ANDERSON,

                                                          Plaintiff,

-against-

CVS PHARMACY, INC.,
HELEN OF TROY,
KAZ USA, INC.

                                                          Defendants.

-------------------------------------------------------------------X

Index No.: 55028/2022
Date Filed:

SUMMONS AND
VERIFIED COMPLAINT

Plaintiffs designate
Westchester County as
place of trial.

The basis of venue is
Plaintiffs' residence.

Plaintiffs reside in Mount
Vernon, NY.

Plaintiffs demand trial by
jury.

To the above named Defendants:

       **YOU ARE HEREBY SUMMONED**, to answer this Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a Notice of Appearance, on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       January 3, 2022

                                                                         _Janet Walsh_
                                                         By: Janet Walsh, Esq.
                                                         LOCKS LAW FIRM PLLC
                                                        Attorney for Plaintiffs
                                                        800 Third Avenue, 12th Floor
                                                        New York, NY 10022
                                                        212-838-3333

## Service Rider

### Penika Anderson v. CVS Pharmacy, Inc., et al.

**CVS Pharmacy, Inc.**
CT Corporation System
28 Liberty Street
New York, NY, 10005

**Helen of Troy**
1 Helen of Troy Plaza
El Paso, TX 79912

**KAZ USA, Inc.**
1 Helen of Troy Plaza
El Paso, TX 79912

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
PENIKA ANDERSON,

                                        **Plaintiff,**

-against-

CVS PHARMACY, INC.,
HELEN OF TROY,
KAZ USA, INC.

                                        **Defendants.**

-----------------------------------------------------------------X

Index No.:
Date Filed:

**VERIFIED COMPLAINT**

       The Plaintiff, by her attorneys, LOCKS LAW FIRM PLLC, for her Verified Complaint against each and every Defendant alleges:

### JURISDICTION AND VENUE

       1.    Jurisdiction is proper in this Court because Defendants, their predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the past maintained headquarters and principal places of business within the State of New York, and/or maintained sales offices within the State of New York, and/or transacted business within the State of New York. Jurisdiction is also proper because the Plaintiff, PENIKA ANDERSON, resides in the State of New York and purchased and used Defendants' product within the State of New York, thereby causing her injuries in the State of New York.

       2.    Venue is proper in this Court pursuant to NY CLS CPLR §503, because Plaintiff resides in Westchester County.

## PARTIES

3. Plaintiff, Penika Anderson, is an individual who is domiciled in the State of New York having her residence at 159 Park Avenue, Mount Vernon, NY 10550.

4. Defendant, CVS PHARMACY, INC. (hereinafter "CVS" or "Defendant"), upon information and belief, is a foreign corporation having its principal place of business at 1 CVS Drive, Woonsocket, RI 02895 which continuously, regularly and systematically conducts business in the State of New York. Defendant CVS manufactured, designed, produced, packaged, sold, distributed, marketed, re-labeled, supplied and/or otherwise placed into the stream of commerce a CVS Health Steam Inhaler which the Plaintiff, Penika Anderson, purchased and used, and which directly and proximately caused her injuries and damages, including, but not limited to, a second degree burn on her left breast, pain and suffering associated therewith, and permanent scarring.

5. Defendant, HELEN OF TROY. (hereinafter "HELEN" or "Defendant"), upon information and belief, is a foreign corporation having its principal place of business at 1 Helen of Troy Plaza, El Paso, TX 79912 which continuously, regularly and systematically conducts business in the State of New York. Defendant HELEN manufactured, designed, produced, packaged, sold, distributed, marketed, re-labeled, supplied and/or otherwise placed into the stream of commerce a CVS Health Steam Inhaler which the Plaintiff, Penika Anderson, purchased and used, and which directly and proximately caused her injuries and damages, including, but not limited to, a second degree burn on her left breast, pain and suffering associated therewith, and permanent scarring.

6.  Defendant, KAZ USA, INC. (hereinafter "KAZ" or "Defendant"), upon information and belief, is a foreign corporation having its principal place of business at 1 Helen of Troy Plaza, El Paso, TX 79912 which continuously, regularly and systematically conducts business in the State of New York. Defendant KAZ manufactured, designed, produced, packaged, sold, distributed, marketed, re-labeled, supplied and/or otherwise placed into the stream of commerce a CVS Health Steam Inhaler which the Plaintiff, Penika Anderson, purchased and used, and which directly and proximately caused her injuries and damages, including, but not limited to, a second degree burn on her left breast, pain and suffering associated therewith, and permanent scarring.

## FACTS COMMON TO ALL COUNTS

7.  At all times material hereto, Defendants acted through their agents, ostensible agents, servants or employees, who were acting within the scope of their employment on the business of the Defendants.

8.  The Defendants' agents and ostensible agents included their employees and other persons and entities, since the Defendants are all corporations that must act through their employees and others that the Plaintiff is not able to identify by name without conducting discovery.

9.  The Defendants are all corporations, companies or other business entities which, during all times material hereto and for a time prior thereto, manufactured, produced, sold, distributed, marketed and/or otherwise placed into the stream of commerce a CVS Health Steam Inhaler (hereinafter "Steam Inhaler") used by Plaintiff, Penika Anderson.

10. If it is deemed that Article 16 of the CPLR applies to this action, then the Plaintiff asserts that this action falls within one or more of the exceptions set forth in CPLR 1602, including but not limited to, the exception for cases where a person is held liable for causing the claimant's injury by having acted knowingly or intentionally and in concert to cause the acts or failures upon which liability is based.

11. On or about October 13, 2020, Plaintiff, Penika Anderson, purchased a CVS Health Steam Inhaler from a CVS Pharmacy located in Mount Vernon, New York.

12. On or about October 14, 2020, Plaintiff, Penika Anderson, used the Steam Inhaler in a manner consistent with its purpose and according to accompanying instructions.

13. Boiling water spilled from the Steam Inhaler and onto Plaintiff's left breast causing second degree burns and permanent scarring, requiring medical care and treatment and causing pain and suffering.

**AND AS FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE/GROSS NEGLIGENCE, THE PLAINTIFF ALLEGES:**

14. Plaintiff hereby adopts and incorporates by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity.

15. Plaintiff, Penika Anderson, used the Steam Inhaler in a manner consistent with the ordinary, foreseeable and intended use of the Defendants' product.

16. Defendants knew, or in the exercise of reasonable care, could and/or should have known that persons such as Plaintiff, Penika Anderson, would use the Steam Inhaler in the manner in which she did.

17. Defendants knew, should and/or reasonably could have known that using the Steam Inhaler in the manner in which Plaintiff, Penika Anderson, used the Stem Inhaler could result in very hot or boiling water spilling from the Steam Inhaler and causing injury.

18. Defendants knew, should and/or reasonably could have known that their product was inherently defective, dangerous, and otherwise highly harmful to the body and health of Plaintiff, Penika Anderson, and persons similarly situated.

19. Plaintiff, Penika Anderson, did not and could not know of the nature and extent of the danger to their bodies and health, including the of second degree burns caused by using the Steam Inhaler.

20. The Defendants knew, should and/or reasonably could have known that Plaintiff, Penika Anderson would use the Steam Inhaler in a manner that would result in very hot or boiling water spilling from the product during the ordinary and foreseeable use of the product.

21. The Defendants knew, should and/or reasonably could have known that Plaintiff, Penika Anderson, did not know, understand or fully appreciate the nature and extent of the danger to her body and health, including the risk for second degree burns caused by using the product.

22. The Defendants had a duty to all consumers to exercise reasonable care in the creation, manufacturing, designing, producing, packaging, marketing, selling, warning, distributing

and otherwise placing the Steam Inhaler into the stream of commerce, including a duty to assure that the products did not pose a risk of injury.

23. Defendants breached their duty and were negligent and grossly negligent because, knowing all of the above, they:

a. Manufactured, produced, designed, packaged, sold, marketed, re-labeled, supplied, distributed and/or otherwise placed in the stream of commerce products that could spill very hot or boiling water that could cause bodily injury;

b. Failed to take precautions to warn and/or adequately warn Plaintiff, Penika Anderson that their product could spill very hot or boiling water and cause bodily injury;

c. Failed to take precautions to warn or adequately warn Plaintiff, Penika Anderson, of the reasonably safe, sufficient and necessary safeguards to protect her from being injured during use of the product;

d. Failed and omitted to place any warnings or notices, or adequate and sufficient warnings and notices, on the product itself and/or on the packaging of the product regarding the known or potential risks, dangers and harm therefrom, including the potential to suffer second degree burns and scarring from the use of the product;

e. Continued to manufacture, produce, sell, market, distribute, supply and/or otherwise place into the stream of commerce a product known to cause injury to end-users;

f. Failed and omitted to design and/or manufacture the product in a manner that would prevent very hot or boiling water from spilling from the product and causing injury to the end-user;

g. Defendants knew, should and/or could have known that the failure to warn and/or adequately warn of the risks, dangers and harm created by use of the product would act as an inducement to Plaintiff and other end users similarly situated to use the product in the manner in which Plaintiff used the product without taking adequate precaution against having very hot or boiling water coming into contact with their skin and cause injury;

  h. Defendants failed to take all reasonable, necessary, proper and prudent measures to test their product to ensure that in the ordinary course of use it would not cause hot water or no boiling water to spill on the end-user thereby causing injury;

  i. Defendants failed to test the adequacy of labels, warnings and instructions appearing upon or distributed with it products;

  j. Defendants failed to take all reasonable, necessary, proper and prudent measures to make their product safe for its intended and foreseeable use;

  k. Defendants failed to research, develop, design, manufacture, produce, market and sell a safer alternative product, to wit a product that would prevent spills of hot water or boiling water that could cause injury to the end user;

  l. For these reasons, Defendants grossly deviated from the ordinary standard of care.

24. As the direct and proximate result of the Defendants' acts and omissions, Plaintiff, Penika Anderson, suffered second degree burns to her left breast, which required medical treatment, and which caused her pain, suffering, disfigurement, deformity, impairment, mental anguish, anxiety, and humiliation.

25. As the direct and proximate result of the Defendants' acts and omissions, Plaintiff, Penika Anderson, was required to spend various sums of money for medical treatments and medicines, to treat her burns, and has incurred additional economic expenses and losses, which expenses and loses may continue to accrue.

**AND AS FOR A SECOND CAUSE OF ACTION FOR BREACH OF WARRANTY, THE PLAINTIFF ALLEGES:**

26. Plaintiff hereby adopts and incorporates by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth

herein with particularity.

27. Defendants, individually, jointly and severally expressly and/or impliedly warranted, including under the New York Uniform Commercial Code, to Plaintiff, Penika Anderson, and other end users of their product, who were similarly situated, that the product, was merchantable, reasonably fit and safe for its intended, stated and described purpose and application, when in fact it was not.

28. Defendants, individually, jointly and severally breached said warranties to Plaintiff, Penika Anderson, in that its products was inherently defective, dangerous, unfit for use, not properly merchantable and not safe, as marketed, for its foreseeable use and purpose, in that it could spill very hot or boiling water causing burns to the end user, was defectively designed and lacked warnings, instructions, or adequate and sufficient warnings, instructions, as more fully set forth in counts I, and III.

29. Defendants' warranties were made in writing.

30. As the direct and proximate result of the Defendants' acts and omissions, Plaintiff, Penika Anderson, suffered second degree burns to her left breast, which required medical treatment, and which caused her pain, suffering, disfigurement, deformity, impairment, mental anguish, anxiety, and humiliation.

31. As the direct and proximate result of the Defendants' acts and omissions, Plaintiff, Penika Anderson, was required to spend various sums of money for medical treatments and medicines, to treat her burns, and has incurred additional economic expenses and losses, which

expenses and loses may continue to accrue.

### AND AS FOR A THIRD CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY, THE PLAINTIFF ALLEGES:

32. Plaintiff hereby adopts and incorporates by reference each and every statement and averment contained in each of the foregoing paragraphs, as if each of said paragraphs were set forth herein with particularity.

33. Defendants are and were, at all times material hereto, in the business of manufacturing, designing, producing, packaging, selling, distributing, marketing, re-labeling, supplying and/or otherwise placing the Steam Inhaler into the stream of commerce.

34. The Steam Inhaler was expected to and did reach the Plaintiff, Penika Anderson without substantial change in the condition in which it was sold.

35. The Steam Inhaler was defective when it left the Defendants' possession, custody and control.

36. Plaintiff, Penika Anderson and was the intended and foreseeable user of the Defendants' product, and it was intended by and foreseeable to the Defendants that the products would be used in the manner that the Plaintiff, Penika Anderson used it in.

37. The Defendants' Steam Inhaler was defective because:

   a. It had a propensity to spill very hot or boiling water during use;

   b. It lacked all elements necessary to make it safe for its intended and foreseeable use;

   c. Defendants failed to take precautions to warn and/or adequately warn Plaintiff that their products could spill very hot or boiling water during use thereby causing

injury;

d. It lacked warnings and instructions, and or adequate warnings and instructions, of the dangers to human health, including the nature and extent thereof, that could be caused by use of the product;

e. Defendants did not warn or adequately warn Plaintiff, Penika Anderson of the reasonably safe, sufficient and necessary safeguards to protect her from being burned as a result of very hot or boiling water spilling from the Steam Inhaler;

f. There were no warnings or notices, or adequate and sufficient warnings and notices, on the product, and/or the packaging in which the product came to protect against the risk of dangers to health;

g. Defendants failed to develop alternative products, including products which did not contain allow very hot or boiling water to spill during use;

h. Defendants' product was also defectively designed in that its hazards outweighed the benefit, if any, of the products;

i. Defendants' product was defective in that it failed to meet the consumer's expectations for safety;

j. Safer alternative designs were available for the Defendants' product, including designs that prevented very hot or boiling water from spilling from the product during use, yet Defendants failed to use these designs.

38. As the direct and proximate result of the Defendants' acts and omissions, Plaintiff, Penika Anderson, suffered second degree burns to her left breast, which required medical treatment, and which caused her pain, suffering, disfigurement, deformity, impairment, mental anguish, anxiety, and humiliation.

39. As the direct and proximate result of the Defendants' acts and omissions, Plaintiff, Penika Anderson, was required to spend various sums of money for medical treatments and

medicines, to treat her burns, and has incurred additional economic expenses and losses, which expenses and loses may continue to accrue.

**WHEREFORE**, Plaintiff demand judgment against the Defendants:

(a) on the FIRST CAUSE OF ACTION in an amount exceeding the jurisdictional limits of all lower Courts;

(b) on the SECOND CAUSE OF ACTION in an amount exceeding the jurisdictional limits of all lower Courts;

(c) on the THIRD CAUSE OF ACTION in an amount exceeding the jurisdictional limits of all lower Courts;

together with costs, interest and disbursements of this action, and for such other and further relief that this Court deems just and proper.

Dated: January 3, 2022
       New York, New York

By: _____
    Janet Walsh, Esq.
LOCKS LAW FIRM PLLC
Attorney for Plaintiffs
800 Third Avenue, 12th Floor
New York, NY 10022

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows that:

Affirmant is associated with the attorney of record for plaintiffs in the within action; affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof to be true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes those matters to be true.

The grounds of affirmant's belief as to all matters not stated upon her knowledge are based upon information contained in the file maintained in affirmant's office.

This verification is made by affirmant and not by the plaintiffs because the plaintiffs reside outside the county wherein affirmant maintains her office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
January 3, 2022

_____
JANET WALSH, ESQ.